IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 14 2016
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

TERRANCE RABON and
KATHLEEN RABON                                                      PLAINTIFFS

VS.                                    CASE NO. 16-4007

JOHN K. KIMANI;                                                     DEFENDANTS
TOLYN EXPRESS, LLC.; and
JOHN DOES 1-6

## COMPLAINT

COME NOW Plaintiffs, Terrance Rabon and Kathleen Rabon, by and through their attorneys, McDaniel Law Firm, PLC, and for their Complaint against Defendants John K. Kimani and Tolyn Express, LLC, state as follows:

1. That the collision out of which this cause of action arises occurred in Miller County, Arkansas.

2. That at the time of the subject occurrence and at the time of filing this action, Plaintiffs were/are residents of the State of Michigan.

3. That at the time of the subject occurrence, Defendant John K. Kimani (hereinafter "Defendant Kimani") was/is a resident of the State of California, with a last known address of 27646 Buckskin Drive, Castaic, CA 91384.

4. That upon information and belief, at the time of the subject occurrence, Defendant Tolyn Express, LLC (hereinafter "Tolyn Express") was/is a foreign corporation authorized to do business in the State of Arkansas with its principal place of business in the State of Oklahoma.

5. That upon information and belief, Defendant Tolyn Express' principal place of business is 1213 NW 194th Street, Edmond, OK 73012.

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

1

6. That upon information and belief, McCormick and Bryan, PLLC, 3500 S. Boulevard, Suite 108, Edmond, OK 73013, is the registered agent for service of process upon Defendant Tolyn Express.

7. That at the time of the subject occurrence, Defendant Kimani was driving a tractor trailer truck owned, operated, and/or leased by Defendant Tolyn Express.

8. That at the time of the subject occurrence, Defendant Kimani was acting in the course and scope of his employment and/or agency for Defendant Tolyn Express.

9. That in, addition and/or in the alternative, the name of an unknown tortfeasor, individual person or entity, shall be designated by the pseudo-name John Doe. In this case, John Does 1-3, in the alternative, is the official name of any person or entity with which Defendant Kimani and/or Defendant Tolyn Express may be associated (including other principal(s), employer(s), or successor(s)-in-interest.) Further, John Does 4-6 represent any shipper, broker, supplier, and/or, as applicable, recipient(s) of the loads being hauled by Defendant Kimani at the time of the subject occurrence.

10. That upon determining the identity of any current unknown tortfeasor, person or entity, Plaintiffs will amend the Complaint by substituting the real name for the pseudo-name.

11. That pursuant to A.C.A. §16-56-125, Plaintiff has attached the Affidavit of Plaintiffs' Attorney, affirming the identity of a tortfeasor(s) is unknown, as **"Exhibit A."**

12. That this Court has subject matter jurisdiction over this cause as there is complete diversity of citizenship and the amount in controversy exceeds the minimum amount for federal diversity citizenship, i.e., greater than $75,000. 28 U.S.C.A. §1332(a).

13. That this Court has personal jurisdiction over the parties hereto.

14. That this Court is the proper venue for this action as the subject wreck occurred in this District. 28 U.S.C.A. §1391(b).

McDANIEL LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

15. That on or about October 26, 2013, Plaintiff Terrance Rabon, an over-the-road truck driver, had his tractor-trailer parked in the designated parking/rest area of Flying J Truck Stop located at 8300 State Hwy 108, Texarkana, AR 71854.

16. That at the time of the subject occurrence, it was dark and conditions were clear.

17. That upon parking his tractor trailer in the designated parking/rest area of Flying J Truck Stop, Plaintiff went to sleep in the bunk of his sleeper cab.

18. That while Plaintiff was sleeping, Defendant Kimani was navigating his tractor-trailer through the designated parking/rest area of the Flying J Truck Stop.

19. That as Defendant Kimani attempted to make a turn in the parking/rest area of the Flying J Truck Stop he struck the trailer and/or load of Plaintiff's parked tractor-trailer.

20. That the force of the collision knocked Plaintiff out of the bunk of his sleeper cab onto the floor of the cab.

21. That as Plaintiff fell from his bunk to the floor, he struck his head and/or neck area on the wooden nightstand/table of the sleeper cab.

22. That Plaintiff suffered injury as set forth further herein as a result of his fall from the bunk and Defendants' negligence.

23. That the subject collision occurred as a proximate result of the negligent conduct of Defendant Kimani (which is imputed to Defendant Tolyn Express) in particulars including, but not limited to, the following:

    a. That Defendant Kimani failed to maintain a proper lookout for the circumstances then and there existing;

    b. That Defendant Kimani failed to maintain proper control of his vehicle for the circumstances then and there existing;

    c. That Defendant Kimani failed to operate his vehicle at a reasonable speed for the circumstances then and there existing;

McDANIEL
LAW FIRM, PLC

400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

3

   d.    That Defendant Kimani negligently failed to comply with all rules, regulations, and duties required by the laws of the State of Arkansas and by DOT regulations; and

   e.    That Defendant Kimani failed to use ordinary care under the circumstances then and there existing.

24.    That Defendant Tolyn Express was negligent in particulars including, but not limited to, the following:

   a.    Negligence in the training and supervision of Defendant Kimani and,

   b.    Negligent failure to comply with all rules, regulations and, duties required by the laws of the State of Arkansas and by DOT regulations.

25.    That Plaintiff was not guilty of comparative fault in causing the subject collision or the damages he suffered as a result thereof.

26.    That no other person, firm, company, corporation, or entity of any type, other than Defendants herein, was negligent or was a contributing proximate cause of the damages sustained by Plaintiff.

27.    That the conduct of Defendant Kimani is imputed to Defendant Tolyn Express (and/or John Doe Nos. 1-6) under the doctrine of respondeat superior, vicarious liability, and/or by federal regulations in that he was the driver for Defendant Tolyn Express (and/or John Doe Nos. 1-6) and in the course and scope of his employment or agency relationship.

28.    That as a proximate result of the negligence of Defendant Kimani, Defendant Tolyn Express, and/or John Doe Nos. 1-6, Plaintiff sustained injuries to areas of his body including, but not limited to, his neck (cervical spine) and head, which required him to incur expenses for medical care and treatment in the past and in the future; he has suffered lost earnings in the past and will suffer lost earnings and/or earnings capacity in the future; he has endured pain, suffering, and loss of enjoyment of life in the past and will endure pain, suffering and loss

McDANIEL LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

4

of enjoyment of life in the future; he has suffered disfigurement; his injuries are permanent in nature; and for all of which he should have judgment from and against Defendants in an amount to be set by the jury in an amount in excess of the minimum required for federal court diversity jurisdiction ($75,000).

29. That as a proximate result of the negligence of Defendant Kimani, Defendant Tolyn Express, and/or John Does 1-6, Plaintiff Kathleen Rabon, wife of Plaintiff Terrance Rabon, has lost society, services, companionship, marriage relationship, and consortium of her husband, Terrance Rabon, and should be compensated in an amount to be set by the jury in an amount in excess of the minimum required for federal court diversity jurisdiction.

30. That Plaintiffs demand a trial by jury.

31. That Plaintiffs reserve the right to amend and plead further in this cause.

WHEREFORE, Plaintiffs pray they have and recover damages from and against Defendants (individually and/or collectively) in an amount to be set by the jury in excess of the minimum required for federal court diversity jurisdiction ($75,000), and for all other relief to which they may be entitled.

RESPECTFULLY SUBMITTED this 13th day of January, 2016.

McDANIEL LAW FIRM, PLC
Attorneys at Law
400 South Main
Jonesboro, AR 72401
Phone: (870) 336-4747
Fax: (870) 932-0919
Email: brett@mcdaniellawyers.com

By: _____
Brett McDaniel, AR Bar No. 2009008
*Attorney for Plaintiffs*