IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRANCE RABON and
KATHLEEN RABON                                                                    PLAINTIFFS

v.                                          Case No. 4:16-cv-4007

JOHN K. KIMANI;
TOLYN EXPRESS, LLC; and
JOHN DOES 1-6                                                                     DEFENDANTS

SENRTY SELECT INSURANCE
CO.                                                                                INTERVENOR

# ORDER

Before the Court is Defendants John K. Kimani and Tolyn Express, LLC's Motion to Limit Plaintiffs' Evidence of Medical Expenses. (ECF No. 49). Plaintiffs Terrance Rabon and Kathleen Rabon filed a response. (ECF No. 56). The Court finds the matter ripe for consideration.

This case arises from an automobile accident that occurred on October 26, 2013, at the Flying J Truck Stop in Texarkana, Arkansas. Plaintiff Terrance Rabon ("Mr. Rabon") alleges that he suffers from ongoing pain because of the accident, for which he underwent and is undergoing various forms of medical treatment, including an anterior cervical decompression and fusion surgery in April 2014. Intervenor Sentry Select Insurance Company claims to have paid roughly $250,000.00 in personal-injury protection benefits to Mr. Rabon and intervened in this action seeking reimbursement and/or subrogation under Section 500.3116 of Michigan's Insurance Code of 1956.

On May 23, 2016, Plaintiffs provided to Defendants their initial Rule 26(f) disclosures, in which they stated the types of damages sought, but did not provide a computation or itemization of damages. Defendants subsequently propounded discovery requests on Plaintiffs, seeking *inter alia*, the names of all physicians who treated Mr. Rabon in connection with the accident, a description of all medical care provided, and the amounts charged for the care. On July 8, 2016, Plaintiffs responded to

the discovery request, providing an itemization of medical expenses totaling $93,231.23. On December 8, 2016, Plaintiffs disclosed an additional $2,006.50 in medical expenses. On May 19, 2017, the discovery deadline in this matter passed. On September 1, 2017, Plaintiffs provided Defendants an updated medical-expense summary, totaling $135,983.96.

On September 5, 2017, Defendants filed the instant motion, stating that Plaintiffs untimely disclosed supplemental medical expenses that Plaintiffs claim as damages. Defendants state that Plaintiffs disclosed the challenged medical expenses less than three weeks before the September 18, 2017 trial date of this matter and well past the discovery deadline in this case. Defendants argue that the untimely disclosure leaves them without time to investigate the increased medical expenses, seek the relevant bills and medical documents related to the expenses, and determine whether the associated medical care was necessary and reasonably incurred as a proximate cause of the accident. Defendants argue that Plaintiffs' failure to timely disclose the challenged medical expenses is not substantially justifiable or harmless, and move the Court under Federal Rule of Civil Procedure 37 for exclusion of all evidence related to the challenged expenses.

Plaintiffs argue in response that any untimely disclosed information is substantially justifiable or harmless. Plaintiffs state that Defendants' defenses with respect to causation and damages remain unchanged, and that Plaintiffs promptly disclosed certain medical expenses after becoming aware of them. Plaintiffs argue that their answers to Defendants' discovery requests named Mr. Rabon's medical providers, and Plaintiffs state that they provided Defendants with a medical release. Plaintiffs argue that Defendants could have utilized the medical release to obtain the additional medical expenses. Plaintiffs conclude that Defendants have not been prejudiced by the supplemental disclosures and that Plaintiffs would be prejudiced if the additional medical expenses are excluded.

Parties must make initial disclosures, including a computation of damages and documents on which the damage computations are based, and must supplement their initial disclosures when they learn of new information. Fed. R. Civ. P. 26(a)(1)(A)(iii); *Janvrin v. Cont'l Res., Inc.*, No. 4:14-cv-

4124, 2016 WL 4574665, at *1 (D.S.D. Sept. 1, 2016). Parties must also timely supplement their responses to discovery requests. Fed. R. Civ. P. 26(e)(1)(A). Untimely, evasive, or incomplete disclosures are considered nondisclosures. Fed. R. Civ. P. 37(a)(4); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). If a party fails to disclose information as contemplated by Rules 26(a) and (e), the court may exclude the untimely disclosed information unless the party's failure to disclose is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In determining whether to exclude untimely disclosed information, courts consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692.

Plaintiffs do not appear to argue that their revised medical-expenses summary was timely disclosed, and the Court finds that it was untimely. Thus, the Court's only consideration is whether the disclosure was substantially justified or harmless. Plaintiffs state that they failed to timely disclose certain medical expenses because Intervenor Sentry Select Insurance Company paid the expenses and Plaintiffs simply were not aware of the expenses, but that they promptly disclosed them once they were discovered. Plaintiffs offer no explanation for the untimely disclosure of the other additional medical expenses. Thus, the Court finds that Plaintiffs' untimely disclosure was not substantially justified. *See 3M Innovative Properties Co. v. Dupont Dow Elastomers, LLC*, No. CIV. 03-3364MJDJGL, 2005 WL 6007042, at *4 (D. Minn. Aug. 29, 2005) ("Rule 26 provides 'no safe harbor' for a party's 'lack of diligence.'")

Defendants are prejudiced by the untimely disclosure, as the additional medical expenses were disclosed long after the close of discovery and less than three weeks before trial. If the additional medical expenses are admitted, Defendants would be denied an opportunity to conduct discovery with respect to the additional medical expenses. The Court is unpersuaded by Plaintiffs' argument that Defendants were not prejudiced because they could have utilized their medical authorization to obtain

Mr. Rabon's additional medical expenses. *See Curtis v. Daviess-Dekalb Reg'l Jail Dist.*, No. 08-6075-CV-SJ-GAF, 2009 WL 3382930, at *1-2 (W.D. Mo. Oct. 19, 2009) (stating that a party cannot satisfy its Rule 26 damage-computation requirements by merely providing the other party with a medical-record authorization). The Court does not see a way to cure the prejudice to Defendants, other than continuing the trial and re-opening discovery, which would unnecessarily delay this case, burden the Court's docket, and tax judicial resources. Thus, the Court finds that Plaintiffs' untimely disclosure is not harmless.

In light of the Court's finding that Plaintiffs' failure to disclose was neither substantially justifiable nor harmless, exclusion of the untimely disclosed medical expenses is proper in this instance. *See Stickney v. Pillsbury Co.*, No. 4:02-cv-3240, 2003 WL 26111555, at *10 (D. Neb. Apr. 25, 2003) (stating in dicta that exclusion of untimely disclosed additional medical expenses would be proper if the case was at the trial stage). The additional medical expenses are of importance to the amount of liability but exclusion of the evidence would not be fatal to the merits of Plaintiffs' case. Defendant's motion will be granted to the extent that it seeks exclusion of the untimely disclosed medical expenses. However, Defendants' motion is denied to the extent that it seeks to exclude all evidence related to the untimely disclosed medical expenses, as the Court is without sufficient information at this stage to rule on the admissibility of this general category of evidence. Counsel may approach the bench at trial if an issue of the admissibility of this evidence arises.

For the reasons discussed above, Defendants' motion (ECF No. 49) is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiffs may not seek medical expenses in excess of $95,237.73.

**IT IS SO ORDERED**, this 11th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge