IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRANCE RABON and
KATHLEEN RABON                                                                      PLAINTIFFS

v.                                          Case No. 4:16-cv-4007

JOHN K. KIMANI;
TOLYN EXPRESS, LLC; and
JOHN DOES 1-6                                                                        DEFENDANTS


SENRTY SELECT INSURANCE
CO.                                                                                  INTERVENOR

# ORDER

Before the Court is Plaintiffs Terrance Rabon and Kathleen Rabon's Motion in Limine. (ECF No. 41). Defendants John K. Kimani and Tolyn Express, LLC filed a response. (ECF No. 61). The Court finds the matter ripe for consideration. The motion is decided as follows:

1. Plaintiffs ask the Court to prohibit any mention at trial by Defendants, defense counsel, or witnesses that this case is a "frivolous suit." Defendants respond that they do not intend to make any such statements, but state that they reserve the right to argue that Plaintiffs suffered no damage as a result of the accident or that particular elements of the claims damages are unsupported by the evidence in this case. Plaintiffs' motion is **GRANTED** as it relates to this request.

2. Plaintiffs ask the Court to prohibit any reference at trial to the number of personal injury cases Plaintiffs' counsel has filed, or the verdicts of said cases. Defendants respond that they do not intend to make any such reference at trial and request that the Court's ruling on this issue apply with equal force to both sides, prohibiting Plaintiffs' counsel from referencing any present or former clients of Defendants' counsel or referring to counsel as "specializing" in the

defenses of cases like this matter.  Plaintiffs' motion is **GRANTED** as it relates to this request.  Neither party may make reference to the specialization of opposing counsel, or to past or present clients or cases of opposing counsel.

3. Plaintiffs ask the Court to prohibit any reference at trial to the payment of attorneys' fees to Plaintiffs' counsel from a potential verdict, or the tax consequences thereof.  Defendants respond that they do not intend to make any such reference at trial and request that the Court's ruling on this issue apply with equal force to both sides.  Plaintiffs' motion is **GRANTED** as it relates to this request.  Neither party may reference at trial the payment of attorneys' fees to Plaintiffs' counsel from a potential verdict, or to the tax consequences thereof.

4. Plaintiffs ask the Court to prohibit any reference at trial by any party, counsel, or witness as to what they believe the law should be.  Defendants respond that they do not intend to make any such reference at trial and request that the Court's ruling on this issue apply with equal force to both sides.  Plaintiffs' motion is **GRANTED** as it relates to this request.

5. Plaintiffs ask the Court to prohibit any reference at trial as to any previous case or verdict in this Court or in other jurisdictions, whether similar to this case or not.  Defendants respond that they do not intend to make any such reference at trial and request that the Court's ruling on this issue apply with equal force to both sides.  Plaintiffs' motion is **GRANTED** as it relates to this request.

6. Plaintiffs ask the Court to prohibit any reference or suggestion at trial that any third party or entity is responsible for any damages or injuries to Plaintiff Terrence Rabon.  Defendants respond that they do not intend to make any such reference at trial, but state that they reserve the right to offer arguments and evidence that some or all of Plaintiffs' claimed medical expenses were not reasonably and necessarily incurred as a proximate result of the accident.  Defendants also

request that the Court's ruling on this issue apply with equal force to both sides. Plaintiffs' motion is **GRANTED** as it relates to this request. Neither party may reference or suggest at trial that any third party or entity is responsible for any damages or injuries to Plaintiff Terrence Rabon.

7. Plaintiffs ask the Court to prohibit Defendants from questioning any expert witness at trial as to the outcome of any other case in which they testified as an expert witness. Defendants respond that they do not intend to make any such reference at trial, but state that they reserve the right to cross-examine Plaintiffs' experts based on their prior history of working primarily as expert witnesses for Plaintiffs or Plaintiffs' counsel. Defendants also request that the Court's ruling on this issue apply with equal force to both sides. Plaintiffs' motion is **GRANTED** as it relates to this request. Neither party may question any expert witness at trial as to the outcome of any other case in which they testified as an expert witness.

8. Plaintiffs ask the Court to prohibit any reference at trial as to any evidence which the Court has ruled inadmissible or that is unlikely to be admitted. Defendants respond that they do not intend to make any such reference at trial and request that the Court's ruling on this issue apply with equal force to both sides. Plaintiffs' motion is **GRANTED** as it relates to this request. Neither party may reference at trial any evidence that the Court has ruled inadmissible.

9. Plaintiffs ask the Court to prohibit any reference at trial as to any unadmitted piece of evidence without first showing it to the Court and opposing counsel to have an opportunity to object. Defendants respond that they do not intend to make any such reference at trial and request that the Court's ruling on this issue apply with equal force to both sides. Plaintiffs' motion is **GRANTED** as it relates to this request.

10. Plaintiffs ask the Court to prohibit Defendant from calling any witness not disclosed by the discovery deadline, including any witness concerning surveillance video or photographs.

Defendants respond that they do not intend to call any witnesses who were not timely disclosed and request that the Court's ruling on this issue apply with equal force to both sides. Plaintiffs' motion is **GRANTED** as it relates to this request. Neither party may call any witnesses who were not timely disclosed.

11. Plaintiffs ask the Court to prohibit any reference or comment intended to generate passion, prejudice, or personal consequence that may result from a jury verdict, such as the effect it may have on insurance premiums or on Defendants' financial well-being. Defendants respond that they do not intend make any such comments and request that the Court's ruling on this issue apply with equal force to both sides, also prohibiting Plaintiffs from arguing the personal effect on them or their financial well-being if a verdict is not of sufficient size. Plaintiffs' motion is **GRANTED** as it relates to this request. Neither party may make any reference or comment intended to generate passion, prejudice, or personal consequence that may result from a jury verdict, such as the effect it may have on either party's financial well-being.

For the reasons stated above, Plaintiffs' motion (ECF No. 41) is hereby **GRANTED**.

**IT IS SO ORDERED**, this 11th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge