IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRANCE RABON and
KATHLEEN RABON                                                                           PLAINTIFFS

v.                                       Case No. 4:16-cv-4007

JOHN K. KIMANI;
TOLYN EXPRESS, LLC; and
JOHN DOES 1-6                                                                            DEFENDANTS

SENRTY SELECT INSURANCE
CO.                                                                                      INTERVENOR

## ORDER

Before the Court is Plaintiffs Terrance Rabon and Kathleen Rabon's Unopposed Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54. (ECF No. 77). The Court is informed that Defendants John K. Kimani and Tolyn Express, LLC, and Intervenor Sentry Select Insurance Company do not oppose the motion. The Court finds the matter ripe for consideration.

Intervenor claims to have paid roughly $250,000.00 in personal-injury protection benefits to Plaintiff Terrance Rabon and has intervened in this action seeking reimbursement and/or subrogation under Section 500.3116 of Michigan's Insurance Code of 1956. On September 11, 2017, the Court granted Intervenor's motion to bifurcate trial, ordering that the Court would preside over a jury trial of Plaintiffs' legal claims against Defendants, and, if necessary, would at a later date take up and address Intervenor's subrogation claim against Plaintiffs.

On the week of September 18, 2017, the Court presided over the jury trial of Plaintiffs' legal claims against Defendants. On September 21, 2017, the jury returned unanimous verdicts in favor of Plaintiff Terrance Rabon and against Defendants John K. Kimani and Tolyn Express, LLC, awarding him damages in the amount of $500,000.00. The jury separately returned

unanimous verdicts in favor of Defendants John K. Kimani and Tolyn Express, LLC, and against Plaintiff Kathleen Rabon on her claim for loss of consortium

In the instant motion, Plaintiffs ask the Court to enter or to direct entry of final judgment as to the action and claims between Plaintiffs and Defendants, only, pursuant to Federal Rule of Civil Procedure 54(b). Plaintiffs argue that entry of final judgment under Rule 54(b) is proper in this instance because there is no just reason to delay entry of final judgment on Plaintiffs' claims against Defendants. Plaintiffs state that, contingent upon receipt of the awarded sum of $500,000.00, Plaintiffs and Intervenor have agreed to a full and final compromise of Intervenor's reimbursement claim. Plaintiffs state further that, to the extent that an appeal is taken and the jury's award to Plaintiff Terrance Rabon is ultimately reversed, Plaintiffs and Intervenor agree that this Court shall retain jurisdiction to resolve any disputes between them as if no compromise had been reached.

A district court may enter a final judgment on some but not all of the claims in a lawsuit "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In deciding whether to grant a motion under Rule 54(b),

> [a] district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.

*Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (internal quotation marks omitted).

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtis-Wright Corp.*, 446 U.S. at 8. "Even if separable, if it appears that a claim already determined could again be subject to review in a subsequent appeal, then Rule 54(b) certification is improper." *Thompson v. McJunkins*, No. 4:07-cv-4012-HFB, 2008 WL 3074301, at *3 (W.D. Ark. Aug. 4, 2008) (quoting *Transp. Workers Union of Am. v. N.Y. City Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007)).

Bearing in mind the historic federal policy against piecemeal appeals and the Eighth Circuit's instruction that final judgment should not be routinely entered under Rule 54(b), the Court finds it is proper to do so in this instance. The Court has no doubt that the final judgment sought by Plaintiffs would constitute a final judgment as defined above, as a jury returned verdicts on all of Plaintiffs' claims against Defendants and entry of final judgment would ultimately dispose of those individual claims, leaving only Intervenor's subrogation claim against Plaintiffs.

The Court also finds that there is no just reason for delay of entry of final judgment on Plaintiffs' already-adjudicated claims against Defendants. Plaintiffs' claims against Defendants—negligence and loss of consortium under Arkansas law—are factually and legally distinct from Intervenor's subrogation claim against Plaintiffs, in which the parties dispute which state's law applies to Plaintiffs' insurance policy and the total amount of money that Intervenor is entitled to recover. *See Tiburzi v. Holmes Transp., Inc.*, No. 4:08-cv-1151-DDN, 2009 WL 2592732, at *6 (E.D. Mo. Aug. 20, 2009) (entering post-trial final judgment under Rule 54(b) after finding that the plaintiffs' already-decided negligence and loss-of-consortium claims against the defendants were in no way dependent on the intervenor's remaining subrogation claim against the plaintiffs). As such, it does not appear that Plaintiffs' already-determined claims could again be subject to review in a subsequent appeal. Moreover, there is no possibility that an appeal of the final

judgment would be mooted by future developments regarding Intervenor's subrogation claim. Thus, the Court finds that "there is no significant relationship between the adjudicated and unadjudicated claims." *See In Re Flight Transp. Corp. Sec.*, 825 F.2d 1249, 1251 (8th Cir. 1987). The Court sees nothing to be gained by delaying entry of final judgment on Plaintiffs' already-adjudicated claims, and finds that entry of final judgment on those claims is in the interest of sound judicial administration. *Id.* Accordingly, the Court finds no just reason to delay entry of final judgment on Plaintiffs' claims against Defendants, and the Court will enter final judgment on those claims.

For the reasons discussed above, the Court finds that Plaintiffs' motion (ECF No. 77) should be and hereby is **GRANTED**. A separate judgment shall issue.

**IT IS SO ORDERED**, this 1st day of November, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge